**Mouloud OUKACINE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Mohamed Oukacine, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

Nos. 03–70992, 03–70994, A77–107–521, A77–107–522.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2004.[*]

Decided Oct. 22, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Jesse A. Moorman, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michael P. Lindemann, Ethan B. Kanter, Justice Department, Civil Division, Immigration Litigation Office, Washington, DC, for Respondent.

Before REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM**

Petitioners Mohammed and Mouloud Oukacine, two brothers who are natives and citizens of Algeria, petition for review of the Board of Immigration Appeals' (BIA) summary affirmance of the Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In cases of streamlining, we review the decision of the IJ as if it were that of the BIA. *See Al–Harbi v. INS*, 242 F.3d 882, 887–88 (9th Cir.2001).

The IJ found that the Oukacine brothers testified credibly and that they had a subjective fear of future persecution. However, he also found that neither brother had been the victim of past persecution on account of a protected ground and that neither had a well-founded fear of future persecution on account of a protected ground. We agree.

The Oukacine brothers request asylum and withholding of removal. They fear persecution (1) by the government on account of their Berber ethnicity, (2) by the government on account of imputed anti-government opinion, and (3) by Islamic militant groups, which the government is unable or unwilling to control, on account of imputed pro-government opinion.

With respect to the first two grounds, the Oukacine brothers did not demonstrate that they had been the victims of treatment by the government that rose to the level of persecution. Nor did they show specific governmental threats of future persecution. Furthermore, there is no discussion of any governmental persecution of Berbers in the State Department

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Report, and the Oukacine brothers' other documentary evidence is equally inadequate to support a well-founded fear of such future persecution. Additionally, while the people of Algeria still face serious civil strife and while the Algerian government punishes Islamic militants harshly, there is no evidence in the record that the government persecutes people like the Oukacine brothers because of mistaken assumptions about their involvement with terrorist groups.

██ With regard to the third ground, while the Oukacine family may have been threatened by terrorists because of Mouloud's refusal to provide them with medical supplies and while the government may have refused to protect the family, there is insufficient evidence that the threats were due to any motivation other than the desire to coerce Mouloud into turning over such supplies to the terrorists. While threats by those opposing the government can be the basis of an asylum claim if the government is unwilling or unable to control the threatening group, the threats must be on the basis of a protected ground. Otherwise, the claim fails. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because the Oukacine brothers did not meet their burden for asylum, they likewise did not meet their burden for withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). We also find that the brothers are not entitled to relief under CAT, which requires that it be more likely than not that the alien will face torture as defined by the regulations upon removal. *See Reyes–Reyes v. Ashcroft,* 384 F.3d 782, 786–87, 2004 U.S.App. LEXIS 19156, *8–9 (9th Cir.2004). While CAT is not limited to torture on the basis of

protected classifications, *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001), the Oukacine brothers have not met their burden of establishing that they would likely be subjected to that level of harmful treatment if they returned to Algeria.

For the foregoing reasons, we **DENY** the petitions.